■ In the Matter of ELLIOT FIXLER et al., Petitioners, v JOHN KARRELL, JR., et al., Respondents. (Proceeding No. 1.) In the Matter of ELLIOT FIXLER et al., Appellants, v JOHN KARRELL, JR., et al., Respondents. (Proceeding No. 2.) Weiss, J. Proceeding (No. 1) pursuant to CPLR article 78 (transferred to this court by order of the Appellate Division, Second Department) to review a determination of respondents which, *inter alia*, found petitioners guilty of constructing a water well without a permit in violation of the Sanitary Code of Putnam County.

Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Dickinson, J.), entered November 13, 1989 in Putnam County, which, in a proceeding (No. 2) pursuant to CPLR article 78, granted respondents' motion to dismiss the petition due to the pendency of proceeding No. 1.

The underlying facts show that a complaint against petitioners was made to respondent Division of Environmental Health

Services of the Putnam County Health Department (hereinafter County Health Department) resulting in charges that a well water supply had been constructed on their property in the Town of Carmel without a permit from the County Health Department in violation of article X, section 16.4 of the Putnam County Sanitary Code. Following a formal hearing, a Hearing Officer found that petitioners had violated the Sanitary Code by constructing the water well without a permit and recommended that the well be closed and a civil penalty of $500 be assessed. Respondent County Public Health Director adopted the report and issued an order on April 11, 1989 requiring that the well be abandoned by May 5, 1989 and imposing the fine. Petitioners then initiated proceeding No. 1 on May 9, 1989 pursuant to CPLR article 78 seeking annulment of the determination on the grounds that it was arbitrary, capricious and not supported by substantial evidence. This proceeding has been transferred to this court for review. Petitioners had previously filed during the hearing process an application dated December 9, 1988, which the County Health Department received on January 9, 1989, for a permit to construct a water well on their property. On July 19, 1989, the Public Health Director wrote petitioners' attorney stating that his April 11, 1989 order constituted a denial of the application. Proceeding No. 2 was then commenced pursuant to CPLR article 78 for judgment in the nature of mandamus compelling the Public Health Director and the County Health Department to act upon petitioners' permit application. Supreme Court granted respondents' motion to dismiss the second petition, holding that the pending prior proceeding (No. 1) would be determinative, and on the further ground that mandamus did not lie. Petitioners have appealed from the judgment entered on the court's decision.

The disposition of proceeding No. 1 rests upon whether the record contains substantial evidence to support the determination. Petitioners' failure to offer any evidence leaves the record with only testimony from respondents' two witnesses and their documentary evidence. The proof indicates that Torlish and Sons originally constructed the well on petitioners' property on June 30 and July 1, 1987, that they were paid by petitioners and that no permit had been issued. This proof provides substantial evidence to support the determination *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176), which was neither arbitrary nor capricious.

The disposition in proceeding No. 2 turns on whether respondents may be mandated to act on petitioners' administra-

tive application. By letter dated July 19, 1989, the Public Health Director informed petitioners' attorney that his April 11, 1989 order relating to the charges in proceeding No. 1 constituted a denial. The letter further stated that petitioners' remedies lay with an application to drill a new well or to deepen the existing well.

Proceeding No. 1 pertains solely to the existing well and in no way relates to the application for a permit to dig a new well. Moreover, it was neither inconsistent nor premature to apply for a permit to dig a new well while faced with the proceeding to compel the closure of the existing well. Accordingly, we find the two administrative proceedings distinct and separate. Respondents may be compelled to act by either issuing a permit (see, 10 NYCRR 5-2.6) or denying the application (see, 10 NYCRR 5-2.7; see also, Matter of Utica Cheese v Barber, 49 NY2d 1028). We therefore hold that it was error to grant respondents' motion to dismiss the petition in proceeding No. 2.

Determination in proceeding No. 1 confirmed, and petition dismissed, without costs.

Judgment in proceeding No. 2 reversed, on the law, without costs, and motion to dismiss denied. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.